(No. 78-CV-0639-)

*In re* APPLICATION OF PATRICK BIGGS.

*Opinion filed December 30, 1980.*

Roe, C. J.

This claim arises out of an incident that occurred on August 20, 1978. Patrick Biggs, father of the deceased victim, Cathleen Biggs, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, the investigatory report and supplemental investigatory report of the Attorney General, the evidence adduced at a hearing on the matter, and the report of the commissioner to whom the case was assigned. Based upon this record, the Court finds:

1. That Claimant's deceased daughter, Cathleen Biggs, age 25, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: Murder. Ill. Rev. Stat. 1977, ch. 38, par. 9—1.

2. That on August 20, 1978, the victim was entertaining a guest at her home when a known subject entered the home and shot her and her friend. The assailant then left the home and shot himself. Both the victim and the assailant were dead at the scene.

3. That the Claimant seeks compensation for funeral expenses and for loss of support.

4. That according to section 3(a) of the Act, a person related to the victim is eligible for compensation for funeral expenses for the victim provided that such expenses were paid by him.

5. That the Claimant incurred funeral expenses of $1,813.80 and burial expenses of $125.00 for the cemetery lot and $373.00 for the memorial, for a total of $2,311.80, all of which he has paid. This Court has heretofore

consistently held that $2,000.00 is the maximum amount compensable for such expenses.

6. That on August 24, 1979, a hearing was held to determine the issue of loss of support. At that time Claimant testified that the victim had agreed to lend financial assistance to a younger sister to enable her to go to college. The younger sister was not enrolled in college on the date of the hearing and had not been for a period of 2 years or more with the exception of occasional enrollment for the purpose of obtaining extra credit hours. This person has not applied for compensation in her own name nor has she been listed as a dependent of the victim on Claimant's application. We find the evidence to support this element of loss insufficient to grant an award therefor.

Claimant also submitted a checkbook containing a check register belonging to the victim. The date at the beginning indicated September 1977 and appears to contain check records up to the date of the victim's death. The Claimant circled the items he thought were pertinent to his claim for loss of support. It is difficult to determine the frequency with which certain items were paid because several circled items were not dated. Based upon the record before us we find that these payments were essentially in the nature of room and board payments and for support of the Claimant. Moreover, the Claimant was supporting himself at this point in time. The record regarding this element of loss is also insufficient to support an award therefor.

7. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation for funeral expenses only under the Act.

8. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 plus the amount of benefits,

payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State, or Federal funds, or from any other source, except annuities, pension plans, Federal social security benefits, and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

9. That the Claimant has not received any reimbursements as a result of the victim's death that can be applied as deductions.

10. That after deducting $200.00 from the funeral expenses incurred by the Claimant the expenses are still in excess of the $2,000.00 which this Court has deemed to be the maximum amount compensable for such items.

It is hereby ordered that the sum of $2,000.00 (two thousand dollars) be, and hereby is, awarded to Patrick Biggs, father of an innocent victim of a violent crime.